128 T.C. No. 4

UNITED STATES TAX COURT

VINCENT ALLEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11016-05.                    Filed March 5, 2007.


P's returns for the years at issue were false and fraudulent due to the fraudulent intent of the return preparer. P himself did not have fraudulent intent and did not file the returns with the intent to evade taxes. R issued P a deficiency notice after the regular 3-year limitations period for assessing P's liabilities had expired.

<u>Held</u>: The limitations period is indefinitely extended under sec. 6501(c)(1), I.R.C., if a return is fraudulent, regardless of whether the fraud was committed by the taxpayer or the taxpayer's preparer.


<u>Forest J. Dorkowski</u>, for petitioner.

<u>Caroline R. Krivacka</u>, for respondent.

OPINION

KROUPA, Judge:  Respondent determined a $4,428 deficiency in petitioner's Federal income tax for 1999 and a $7,784 deficiency in petitioner's Federal income tax for 2000.  We are asked to decide for the first time whether the limitations period for assessing income tax under section 6501(c)(1)[1] is extended if the tax on a return is understated due to the fraudulent intent of the income tax return preparer.  We conclude that it is.

Background

This case was submitted fully stipulated under Rule 122. The stipulation of facts and the accompanying exhibits are incorporated by this reference.  Petitioner lived in Memphis, Tennessee, at the time he filed the petition.

Petitioner, a truck driver for UPS during 1999 and 2000, timely filed his returns for 1999 and 2000 (the years at issue). Petitioner gave his Form W-2, Wage and Tax Statement, section 401(k) statement, mortgage interest statement, and property statements to Gregory D. Goosby (Mr. Goosby), who prepared petitioner's returns for the years at issue and filed them with respondent.

Mr. Goosby prepared petitioner's returns for the years at issue and claimed false and fraudulent Schedule A, Itemized Deductions, for both years.  The false deductions included

_____

[1]All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

deductions for charitable contributions, meals and entertainment, and pager and computer expenses, as well as various other expenses. Petitioner received complete copies of petitioner's returns for the years at issue after they had been filed, but he did not file an amended tax return for either year.

Two special agents of respondent's Criminal Investigation Division interviewed petitioner concerning Mr. Goosby's preparation of his income tax returns. Mr. Goosby was indicted, tried, and convicted of 30 violations of section 7206(2) (willfully aiding and assisting in the preparation of false and fraudulent income tax returns) in 2006, although petitioner's returns for the years at issue were not used as the basis for any counts of the indictment.

Respondent issued a deficiency notice to petitioner on March 22, 2005, in which respondent disallowed numerous Schedule A deductions petitioner claimed on his returns for each of the years at issue. The deficiency notice did not assert the fraud penalty under section 6663 against petitioner. The regular 3-year limitations periods for assessment of taxes with respect to petitioner's returns for the years at issue expired on April 15, 2003, and April 15, 2004, respectively. Petitioner timely filed a petition.

Petitioner has conceded all adjustments respondent made in the deficiency notice other than one adjustment respondent concedes was made in error. The parties agree that the false deductions on petitioner's income tax returns for the years at

issue made petitioner's returns false and fraudulent for the years at issue. The parties also agree that petitioner himself did not have the intent to evade tax, but Mr. Goosby claimed the false deductions for the years at issue on petitioner's returns with the intent to evade tax.[2]

## Discussion

The parties have stipulated that the returns petitioner filed for the years at issue were fraudulent. The parties disagree, however, whether the fraudulent intent required to keep the limitations period open indefinitely under section 6501(c)(1) must be that of the taxpayer, petitioner.

## The Limitations Period

We shall begin by describing the general principles of the limitations period for assessment of income taxes. The Commissioner must generally make such an assessment within a 3-year period after a taxpayer files his or her return. Sec. 6501(a). An exception to this general rule exists, however, for a false or fraudulent return with the intent to evade tax. Sec. 6501(c)(1). In those situations, the Commissioner may assess the tax, or commence a proceeding in court for the collection of the tax, at any time. Sec. 6501(c).

Petitioner alleges that the limitations periods for assessment of taxes with respect to petitioner's returns for the

_____

[2]The Court ordered, and the parties filed, simultaneous opening briefs. The Court also ordered the parties to each file simultaneous answering briefs on or before Jan. 8, 2007. Respondent timely filed an answering brief, but petitioner failed to file an answering brief.

years at issue expired before respondent issued petitioner the deficiency notice. Respondent argues that the preparer's fraudulent intent to evade tax is sufficient to keep the limitations periods open. Petitioner counters that only the intent of the taxpayer, not the preparer, is relevant to whether the returns were fraudulent so as to extend the limitations period.

Plain Meaning Analysis

The statute provides that the tax may be assessed at any time "[i]n the case of a false or fraudulent return with the intent to evade tax." Sec. 6501(c)(1). Notably absent from this provision is any express requirement that the fraud be the taxpayer's.[3]

Nothing in the plain meaning of the statute suggests the limitations period is extended only in the case of the taxpayer's fraud. The statute keys the extension to the fraudulent nature

---

[3]Rules regarding the limitations period in the case of false and fraudulent returns have been in the Code since the Revenue Act of 1918. Revenue Act of 1918, ch. 18, sec. 250(d), 40 Stat. 1083. That provision addressed the statute of limitations that applied "in the case of false or fraudulent returns" and did not by its terms require that the fraud be that of the taxpayer. Id. The version of the Revenue Act of 1934 that passed the House Ways and Means Committee would have amended this section to read: "If the taxpayer * * * files a false or fraudulent return with intent to evade tax * * * the tax may be assessed * * * at any time." H.R. 7835, 73d Cong., 2d Sess. sec. 276(a) (1934) (as passed by House, Feb. 21, 1934). The Senate Committee on Finance discarded this language, however, with no discussion. The enacted version continued to focus on the return with no express requirement that the fraud be the taxpayer's and remains the language in sec. 6501(c)(1) today. Revenue Act of 1934, ch. 277, sec. 276(a), 48 Stat. 745; S. Rept. 558, 73d Cong., 2d Sess. 43-44 (1934), 1939-1 C.B. (Part 2) 586, 619.

of the return, not to the identity of the perpetrator of the fraud. Nor do we read the words "of the taxpayer" into the statute to require the taxpayer to have the intent to evade his or her own tax.[4]

Respondent argues, and we agree, that statutes of limitations are strictly construed in favor of the Government. Badaracco v. Commissioner, 464 U.S. 386, 391 (1984); Lucia v. United States, 474 F.2d 565, 570 (5th Cir. 1973). An extended limitations period is warranted in the case of a false or fraudulent return because of the special disadvantage to the Commissioner in investigating these types of returns. Badaracco v. Commissioner, supra at 398. Three years may not be sufficient for the Commissioner to investigate or prove fraudulent intent. Id. at 399.

We agree with respondent that the special disadvantage to the Commissioner in investigating fraudulent returns is present if the income tax return preparer committed the fraud that caused the taxes on the returns to be understated. Accordingly, taking into account our obligation to construe statutes of limitations strictly in favor of the Government, we conclude that the

---

[4]Accountants who prepare fraudulent returns have occasionally been convicted of tax evasion under sec. 7201 and similar predecessor provisions. See United States v. Gordon, 242 F.2d 122, 125 (3d Cir. 1957) (accountants held liable for tax evasion though tax intended to be evaded was not their own); Tinkoff v. United States, 86 F.2d 868, 875-876 (7th Cir. 1936) (same).

limitations period for assessing petitioner's taxes is extended if the taxes were understated due to fraud of the preparer.[5]

Limitations Period and Fraud Penalty

Petitioner argues that the limitations period is only extended if the fraudulent intent is that of the taxpayer, not the preparer.  Petitioner relies on cases in which the fraud penalty was asserted against the taxpayer and the limitations period was extended.  See, e.g., Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533, 548 (2000) (citing Chin v. Commissioner, T.C. Memo. 1994-54 (regarding the predecessor to section 6663); Williamson v. Commissioner, T.C. Memo. 1993-246 (same); Richman v. Commissioner, T.C. Memo. 1993-32 (same); Callahan v. Commissioner, T.C. Memo. 1992-132 (same)). The cases petitioner cites are inapposite, however.  Those cases define fraud with reference to the taxpayer's actions because it was the taxpayer who committed the fraud.  The cases did not hold that fraud for purposes of section 6501(c)(1) is limited to the fraud of the taxpayer.  Nor do we read these cases to require

_____

[5]Cases interpreting limitations periods in the Code have extended them due to malfeasance of return preparers and other third parties, not just taxpayers.  See, e.g., Transpac Drilling Venture 1983-2 v. United States, 83 F.3d 1410, 1414-1415 (Fed. Cir. 1996) (extending limitations period for assessing taxes of partners attributable to partnership items under sec. 6229(c) where partner intended to evade taxes of other partners); Estate of Upshaw v. Commissioner, 416 F.2d 737 (7th Cir. 1969) (extending limitations period for assessment of taxes on joint returns where only one spouse committed fraud), affg. T.C. Memo. 1968-123; United States v. McLean, 390 F. Supp. 2d 475 (D. Md. 2005) (extending erroneous refund limitations period in sec. 6532(b) where fraud committed by a person other than the taxpayer); United States v. Southland Oil Co., 339 F. Supp. 2d 764 (S.D. Miss. 2004) (same).

that the person who causes a return to be fraudulent under section 6501 must be the person who owes the tax or against whom the fraud penalty is asserted under section 6663.

Burden on Taxpayers

Petitioner also argues that extending the limitations period for the fraudulent intent of the preparer would be unfairly burdensome because it would require taxpayers to keep records indefinitely. We disagree. Taxpayers are charged with the knowledge, awareness, and responsibility for their tax returns. Magill v. Commissioner, 70 T.C. 465, 479-480 (1978), affd. 651 F.2d 1233 (6th Cir. 1981); Teschner v. Commissioner, T.C. Memo. 1997-498. The taxpayer, not the preparer, has the ultimate responsibility to file his or her return and pay the tax due. Kooyers v. Commissioner, T.C. Memo. 2004-281. This duty cannot generally be avoided by relying on an agent. Estate of Clause v. Commissioner, 122 T.C. 115, 123-124 (2004); Am. Props., Inc. v. Commissioner, 28 T.C. 1100, 1116-1117 (1957), affd. 262 F.2d 150 (9th Cir. 1958). We do not find it unduly burdensome for taxpayers to review their returns for items that are obviously false or incorrect. It is every taxpayer's obligation. Petitioner cannot hide behind an agent's fraudulent preparation of his returns and escape paying tax if the Government is unable to investigate fully the fraud within the limitations period.

The Commissioner has just as much need for an extended limitations period to investigate and examine taxpayers who sign and allow to be filed returns that greatly overstate expenses or

include fictitious expenses whether the fraud was committed by the taxpayer or the taxpayer's preparer. To find otherwise would allow a taxpayer to receive the benefit of a fraudulent return by hiding behind the preparer. Taxpayers whose returns are fraudulent owing to fraud committed by the preparers would escape their tax liability if the Commissioner were unable to identify or investigate the fraud within the normal 3-year period.

We finally note that respondent is seeking to collect only the deficiency in tax from petitioner. Respondent is not asserting the fraud penalty against petitioner. Petitioner is therefore required to pay only the correct amount of tax plus statutory interest and no more.

Conclusion

We conclude that the limitations period for assessment is extended under section 6501(c)(1) if the return is fraudulent, even though it was the preparer rather than petitioner who had the intent to evade tax. The plain meaning of the statute indicates that it is the fraudulent nature of the return that extends the limitations period. We therefore find that the limitations period for assessing tax against petitioner is extended indefinitely.

To reflect the foregoing,

Decision will be entered

under Rule 155.